UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Leroy Morgan, #20874-058, | ) C/A No. 3:11-1463-RBH-JRM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| John R. Owens, *Warden*, | ) |
| Respondent. | ) |

## *Background of this Case*

Petitioner is a federal inmate at FCI-Williamsburg. He is serving a sentence of twenty-four (24) months for violating terms of his supervised release. Petitioner spent five and one-half months in jail between his arrest and the sentencing on the supervised release violation. Petitioner has written "N/A" to all his answers pertaining to exhaustion of the Bureau of Prisons (BOP) Administrative Remedy Procedure. Essentially, Petitioner contends that he is entitled to five and one-half months of jail time credit — either on his current BOP sentence of twenty-four months or on the twelve months of supervised release to commence after Petitioner is released from prison.

Petitioner discloses that he filed a Section 3582 action in the United States District Court for the Middle District of North Carolina on December 22, 2011. Although Petitioner states that he has attached the order from the Middle District of North Carolina as Exhibit A, no copy was provided. Nonetheless, the order from the Middle District of North Carolina is available from PACER. *See* ECF No. 19 in Civil Action No. 1:09-CR-00177-JAB (M.D.N.C. April 12, 2011).

In his order, the Honorable James A. Beaty, Chief Judge of the United States District Court for the Middle District of North Carolina, concluded that Petitioner was not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) because it applies to imprisonment as part of an original sentence and not to imprisonment for violation of supervised release. Chief Judge Beaty, however, noted that Petitioner could proceed under 18 U.S.C. § 3582(b) after he exhausted his remedies in the Federal Bureau of Prisons.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1975).  Even under this less stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner's "N/A" answers to questions pertaining to exhaustion of administrative remedies in the Federal Bureau of Prisons indicate that Petitioner has not exhausted his BOP remedies. Petitioner must complete the administrative process before bringing an action pursuant to 28 U.S.C. § 2241.  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973).  *See also* 28 C.F.R. § 542.13(b); and *Benavides v. Mitchell*, Civil Action No. 2:10-0491-JFA-RSC, 2010 WL 1498162, *2-*3 (D.S.C. March 10, 2010) (magistrate judge's report and Recommendation: federal prisoners must exhaust prison remedies prior to bringing suit in a federal district court), *adopted*, 2010 WL 1463417 (D.S.C. April 12, 2010), which cites *Hernandez v. Steward*, No. 96-3222 SAC, 1996 U.S.Dist. LEXIS 18076, 1996 WL 707015 (D. Kan. Nov. 27, 1996) (same).[2]

---

[2]In *Hernandez v. Steward,* the United States District Court for the District of Kansas outlined the procedure for exhausting administrative remedies in the Federal Bureau of Prisons:

> Under the federal administrative remedy program, the inmate first must submit his "issue of concern informally to staff." 28 C.F.R. § 542.13. If the issue is not resolved informally, the inmate commences the three-tiered administrative remedy procedure by filing a written administrative remedy request (BP-9) with the local institution's administrative staff (Warden). 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may file an appeal (BP-10) with the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal (BP-11) with the General Counsel. This is the final administrative appeal provided under the administrative remedy scheme. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk,* 40 F.3d 347, 349 n.2 (11th Cir. 1994), *cert. denied,* 116 S. Ct. 112 (1995).

(continued...)

First, Petitioner must file a formal grievance with the Warden of his prison (using a Form BP-9). *See* 28 C.F.R. § 542.13(b). When the Warden of FCI-Williamsburg has issued his determination on Petitioner's formal grievance, only the first step of the formal administrative process will have been completed. Hence, if unsuccessful, Petitioner must appeal the Warden's determination (using a Form BP-10) to the Regional Director of the Federal Bureau of Prisons, and,

---

(...continued)
>The declaration of Robert Bennett, the administrative remedy coordinator at the United States Penitentiary, Leavenworth, Kansas, reveals that all available records of administrative remedy submissions for the plaintiff were searched and that none of the plaintiff's submissions pertained to the issues raised in the instant complaint. Bennett's declaration summarizes the plaintiff's nine different administrative remedy submissions and recounts that all but one of the submissions were rejected on procedural grounds pursuant to 28 C.F.R. § 542.17. Bennett's declaration is supported by computer-generated reports from SENTRY, the computer-based system on which all inmate submissions are permanently recorded.
>
>Other than the conclusory assertions in the plaintiff's complaint, there is nothing of record to demonstrate that he exhausted the available administrative remedies. The plaintiff's explanation of the steps he took towards exhaustion shows his efforts were incomplete. The plaintiff only refers to his filing of an "informal remedy." Though he lists several "BP" forms, he fails to mention an appeal (BP-11) to the General Counsel. As for his excuse that "they never" replied, the plaintiff was still obligated to pursue all levels of the administrative scheme. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. Under these circumstances, the record is devoid of a factual basis for reasonably believing that the plaintiff fully exhausted the administrative remedies available to him under the federal prison system.
>
>IT IS THEREFORE ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Dk. 15), and motion to grant its motion to dismiss as uncontested (Dk. 18) are granted, and the case is dismissed without prejudice due to the plaintiff's failure to exhaust administrative remedies before bringing this action.

*Hernandez v. Steward*, at *1-*2.

if necessary, will have to appeal to the Office of General Counsel (using a Form BP-11). 28 C.F.R. § 542.15. *See also Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Petitioner "has no alternative but to comply" with these administrative procedures. *Williams v. O'Brien*, 792 F.2d at 987. *See also* 28 C.F.R. §§ 542.10 through 542.16; *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court); and *Peterson v. Lappin*, Civil Action No. 07-cv-00774-DME, 2007 U.S. Dist. LEXIS 59389, 2007 WL 2332083 (D. Colo. Aug. 14, 2007), which was an order entered by the Honorable David M. Ebel, United States Circuit Judge, sitting by designation:

> The available record here indicates that Mr. Peterson filed the instant Habeas Application without complying with the administrative remedies provided pursuant to the Administrative Remedy Program. Documents submitted by Director Lappin indicate that Mr. Peterson filed, and received a substantive response to, an administrative request regarding the instant issue submitted pursuant to the Administrative Remedy Program after having filed this Habeas Application. There is no evidence that Mr. Peterson has ever appealed to the BOP's General Counsel, the "final administrative appeal" in the Program. 28 C.F.R. § 542.15(a). Mr. Peterson has also not provided any reason to believe that following through with the available administrative appeals process would have been useless or futile; merely having his initial requests denied is certainly not a sufficient reason to waive the requirement of exhausting available administrative appeals. Accordingly, we must dismiss this Habeas Application.

*Peterson v. Lappin*, 2007 WL 2332083 at *2.[3] *See also Shoup v. Shultz*, Civil No. 09-0585 (RBK), 2009 U.S. Dist. LEXIS 46955, 2009 WL 1544664 (D.N.J. June 2, 2009) ("Consequently, no administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office."), which is cited in *Benavides v. Mitchell*.

---

[3] *Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints), is being applied to the Federal Bureau of Prisons by federal courts in civil rights cases. Even so, in a habeas corpus action, such as the above-captioned case, Petitioner must exhaust his administrative remedies in the Federal Bureau of Prisons. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion required under 28 U.S.C. § 2241); and *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 U.S. Dist. LEXIS 54310, 2007 WL 2155544 (M.D. Pa. July 26, 2007), *affirmed*, No. 07-3387, 271 Fed.Appx. 158, 2008 U.S.App. LEXIS 7350, 2008 WL 902984 (3rd Cir. April 4, 2008), where the district court held that *Jones v. Bock* was not applicable to habeas corpus actions brought pursuant to 28 U.S.C. § 2241:

> We will adopt the report with respect to the failure to exhaust administrative remedies. A federal prisoner must exhaust his administrative remedies prior to filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir.1996). A district court may use its inherent power to dismiss, sua sponte, a complaint which concedes that the prisoner failed to exhaust his administrative remedies and which facially violates a bar to suit. *Ray v. Kertes*, 285 F.3d 287, 293 n. 5 (3d Cir.2002). *See also Sulaski v. Lindsay*, CV-06-2482, 2007 WL 1031457, at *1 (M.D.Pa. March 29, 2007) (Rambo, J.) (relying on *Ray* for sua sponte dismissal of an unexhausted § 2241 petition). Lindsay's reliance on *Jones*, *supra*, a recent Supreme Court case, is unavailing. As quoted in Lindsay's brief, the *Jones* Court concluded that "failure to exhaust is an affirmative defense *under the PLRA*." 127 S.Ct. at 921 (emphasis added). The PLRA, however, does not apply to habeas corpus proceedings. *Watkins v. Holt*, 177 Fed. Appx. 251, 253 n. 4 (3d Cir.2006) (nonprecedential) (citing *Booth v. Churner*, 206 F.3d 289, 295 (3d Cir.2000); *Santana v. United States*, 98 F.3d 752, 756 (3d Cir.1996)). Therefore, *Jones* is not controlling in our analysis.

6

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. Petitioner's attention is directed to the important notice on the next page.

July 5, 2011    Joseph R. McCrorey
Columbia, South Carolina    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).